UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE


**United States of America**
                                              Case No. 09-cr-88-03-PB
       v.                                     Opinion No. 2021 DNH 105

**Marco Garcia**


                           MEMORANDUM AND ORDER


    Marco Garcia moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)"), as amended by Section 603(b)(1) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. For the following reasons, I deny Garcia's motion.

        I.   **STANDARD OF REVIEW**

    Following its amendment by the First Step Act, the compassionate release statute, codified as Section 3582(c)(1)(A), provides that

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in . . . [18 U.S.C. §] 3553(a) [("Section 3553(a)")] to the extent that they are applicable . . . .

§ 3582(c)(1)(A). The court may reduce a defendant's prison sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," id. § 3582(c)(1)(A)(i), and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," id. § 3582(c)(1)(A).

The Sentencing Commission's policy statement ("the policy statement"), which was promulgated prior to the passage of the First Step Act, provides as follows:

> Upon motion of the Director of the [BOP] under [Section 3582(c)(1)(A)], the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in [Section 3553(a)], to the extent that they are applicable, the court determines that —
>
> (1)   (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13 (U.S. Sentencing Comm'n 2018). The commentary to the policy statement further explains what is meant by "extraordinary and compelling reasons." It states, in relevant part, that "[p]rovided the defendant meets the requirements of subdivision (2),

2

extraordinary and compelling reasons exist," USSG § 1B1.13 cmt. n.1, when "[t]he defendant is . . . suffering from a serious physical or medical condition," id. § 1B1.13 cmt. n.1(A)(ii)(I).

Courts are divided on what weight, if any, to give to the policy statement when considering a motion for compassionate release. Compare United States v. Long, 997 F.3d 342, 355-57 (D.C. Cir. 2021) with United States v. Bryant, 996 F.3d 1243, 1247-66 (11th Cir. 2021). I am not aware of any court that has chosen to disregard the policy statement entirely. I conclude, instead, that it "provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change." United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019).

## II. ANALYSIS

Garcia is 57 years old. He has Type II Diabetes and several other minor medical conditions that would not by themselves support compassionate release. He bases his motion instead on the persistence of the COVID-19 pandemic and the heightened risk of severe illness or death he faces if he were to become infected. The government challenged Garcia's motion by arguing that the risk that Garcia faces from COVID-19 is currently low because: (1) Garcia has been vaccinated; (2) no inmates at the facility where Garcia is serving his sentence

3

currently have COVID-19; and (3) the Bureau of Prisons has adopted measures to protect against the virus that have proved highly effective in reducing the risk that Garcia will become infected.  I agree with the government that the grounds Garcia cites in support of his motion do not warrant compassionate release.  Accordingly, I deny his motion.

### III. CONCLUSION

For the foregoing reasons, Garcia's motion for compassionate release (Doc. No. 360) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

June 30, 2021

cc: Kasey A. Weiland, AUSA
    Jeffrey S. Levin, Esq.
    U.S. Marshal
    U.S. Probation

4